ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

**FILED**
OCT 21 2019
DAVID CREWS, CLERK
BY _____ Deputy

Micheal Freeman, Pro Se
_____
Plaintiff

v.
Mississippi Department of
Corrections, Pelicia Hall
Commissioner, Et. Al
_____
Defendant

CASE NO. 4:19CV156-SA-DAS

**PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT**

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

   A. Legal name: Micheal Anthony Freeman

   B. Name under which sentenced: Micheal Anthony Freeman

   C. Inmate identification number: 39107

   D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): Unit 29-F, Parchman, MS 38738

   E. Place of confinement: Mississippi State Penitentiary

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

   Name: Pelicia Hall

   Title (Superintendent, Sheriff, etc.): Commissioner

   Defendant's mailing address (street or post office box number, city, state, ZIP): 301 N. Lamar St, Jackson, MS 39201

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)     PAGE 2

Name: JOEL HAMMON

Title (Superintendent, Sheriff, etc.): Chaplain

Defendant's mailing address (street or post office box number, city, state, ZIP): P.O. Box 40 Parchman, MS 38738

Name: MARY ROSS

Title (Superintendent, Sheriff, etc.): Doctor / Director

Defendant's mailing address (street or post office box number, city, state, ZIP): 633 North State St. Jackson, MS 39202

Name: N/A

Title (Superintendent, Sheriff, etc.): N/A

Defendant's mailing address (street or post office box number, city, state, ZIP): N/A N/A

(If additional Defendants are named, provide on separate sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3. Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment? ☐ Yes ☑ No

4. If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

   A. Parties to the lawsuit:

      Plaintiff(s): N/A

      Defendant(s): N/A

   B. Court: N/A     C. Docket No.: N/A

   D. Judge's Name: N/A     E. Date suit filed: N/A

   F. Date decided: N/A     G. Result (affirmed, reversed, etc.): N/A

5. Is there a prisoner grievance procedure or system in the place of your confinement? ☑ Yes ☐ No

6. If "Yes," did you present to the grievance system the same facts and issues you allege in this complaint? (See question 9, below). ☑ Yes ☐ No

7. If you checked "Yes" in Question 6, answer the following questions:

| ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00) | PAGE 3 |
|---|---|

A. Does the grievance system place a limit on the time within which a grievance must be presented? ☑ Yes ☐ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed? ☑ Yes ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

Plaintiff presented an request for Administrative Remedy February 6, 2019 to Defendant Felicia Hamm requesting an Religious Accomodation that Plaintiff is an Muslim, who wear dreadlocks as an sincere part of his Religious Beliefs. That the grooming policies on his dreadlock not apply to him. Under the Religious Land Use And Institutionalized Person Act. That the Prophet Muhammad teachings didnt place restrictions on the length of dreadlock, He forbad 7-hairstyles not dreadlocks.

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

Defendant Hammon response on Religious Accomodation was receive by plaintiff on September 4, 2019, denying request base on Hygene & Security Issues. Plaintiff appeal that denial on September 5, 2019, that Prophet Muhammad an Muslim hair to stay clean & neat. That the Court had already allow one MDOC inmate to grow dreadlocks in G.D. Thompson v Mississippi Department of Corrections, no CV-167-NBB-DAS 2017 WL 3584919. Defendant Ross 2ⁿᵈ Step response denying request only was an Mirror Response.

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)  PAGE 4

> **Special Note:** Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8. If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

    N/A

9. Write below, as briefly as possible, the facts of your case. Describe how each Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

    Plaintiff is an Muslim, who wear dreadlocks as part of his Religus beliefs. At times Plaintiff was told his dreadlocks were to long, and if certain Prison officials knew how they were they would force Plaintiff to cut his dreadlock. Plaintiff file an grievance an also sought an Religious Accommodation to Defendant Hall on February 6, 2019, Plaintiff receive Defendant Hammon denial of Request on September 4, 2019, almost 7 Months after grievance was presented in February 2019, Plaintiff appeal that denial of Request on September that the grooming policy violated Plaintiff Religious Belief to wear unshorn dreadlocks. Plaintiff receive Defendant denial of Request on October 11, 2019, Defendant Ross. Plaintiff file an 1983 and Motion for Preliminary

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)     PAGE 5

injunction to prevent prison officials from cutting plaintiff dreadlock until the Merits are heared on an final hearing.

10. State briefly exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority.

To enjoin Mississippi Department of Corrections from enforcing the grooming policies against the plaintiff. That as an Muslim, dreadlocks are an sincere held Religious Belief. That the Prophet Muhammad only forbidden 7 Styles of Hairstyle an Muslim could not wear, and Dreadlocks werent one of the styles. That Many Muslims Male and Female are wearing dreadlocks, just not indicative to an Prison Setting. Plaintiff Just want to exercise his Religious Beliefs as other Do, who exercise their beliefs without the threat of having his dreadlocks cut or cut completely from his head as Prison officials do enforcing the grooming Policy.

This Complaint was executed at (location):   Mississippi State Penitentiary

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: 10-12-19      Micheal Fregan.

Plaintiff's Signature

*Exhibit A*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## MSP-19-118

### SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Michael Freeman #39107**
Unit: **29F**

FROM: Dr. Mary A. Ross
Title: Central Office

_____

[Signature]                                         9.27.19
Signature                                           Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response.

Micheal Freeman          39107              10-11-19
Inmate's Signature       DOC #              Date

See attachment Next page →

Michael Freeman 39107
29 F # Bed 121
Parchman, MS 38738

Pro Se Law Clerk
U.S. District Court
203 Gilmore Drive
Amory, MS 38821

RECEIVED
OCT 21 2019
United States District Court
Northern District of Mississippi