IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL ANTHONY FREEMAN**                                            **PLAINTIFF**

**v.**                                                                             **No. 4:19CV156-DAS**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**COMMISSIONER PELICIA HALL**
**CHAPLAIN JOEL HAMMON**
**DR. MARY ROSS**                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Michael Anthony Freeman, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

The court held a hearing under the holding in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) to determine whether any of the plaintiff's allegations state a claim for federal relief. The plaintiff, who practices Islam, alleges that the defendants are threatening to forcibly cut his dreadlocks and that doing so would violate his sincerely held religious beliefs. For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Factual Allegations

Michael Anthony Freeman is a Muslim who would like to keep his hair in dreadlocks. He alleges that doing so is "permitted" under the tenets of Islam. His hair grew into dreadlocks longer than allowed under MDOC regulations, and prison officials told him to get a haircut. He refused, and prison officials threatened to forcibly cut his hair. As set forth in MDOC's response to Mr. Freeman's pending TRO motion, the MDOC Imam states that Islam does not *require* that adherents grow their hair into

dreadlocks. At his *Spears* hearing, Mr. Freeman confirmed that dreadlocks are not required, but are permitted.

## Circuit Law as to Hair Grooming Policy Under RLUIPA

The religious liberty provisions of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") apply when a "substantial burden is imposed [on a person's religious practices] in a program or activity that receives Federal financial assistance" (under the Spending Clause) or when "the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes" (under the Commerce Clause). RLUIPA, 42 U.S.C. § 2000cc-1(b). In this case, Mr. Freeman testified that growing his hair into dreadlocks is not a *requirement* of his religion (Islam), but is *permitted*. As cutting Mr. Freeman's hair would not cause him to violate a mandatory aspect of Islamic religious practices, it does not impose a "substantial burden" on those practices. As such, the instant case must be dismissed with prejudice for failure to state a claim upon which relief could be granted. As this is also the sole issue fond in Mr. Freeman's pending motion for a temporary restraining order or preliminary injunction, that motion will also be dismissed with prejudice.

## Conclusion

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. In addition, the plaintiff's motion for a temporary restraining order or preliminary injunction will also be dismissed with prejudice. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 1st day of May, 2020.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE